UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                Criminal No. 14-327 (JNE/HB)
                                                Civil No. 17-2504 (JNE)
MELVIN LEE GATLIN,                      **ORDER**

      Defendant.

This matter is before the Court on Defendant Melvin Lee Gatlin's motion under 28 U.S.C. § 2255, signed by Gatlin on June 22, 2017. (*See* Dkt. No. 72.) The Government argues that, among other things, Gatlin's motion is untimely under § 2255(f). (*See* Dkt. No. 76.) For the following reasons, the Court agrees that Gatlin's motion is untimely.

In order to seek collateral review under 28 U.S.C. § 2255, Gatlin had to file his motion within one year of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Gatlin did not file his § 2255 motion within one year of any of these possible dates. He asserts his motion is timely because it was filed within one year of the Supreme Court's opinion in *Mathis v. United States*, 136 S. Ct. 2243 (2016). (*See* Dkt. No. 72 at 12.) However, *Mathis* did not recognize any new rights. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make

this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); *see also Dawkins v. United States*, 829 F.3d 549, 550-51 (7th Cir. 2016) (holding that *Mathis* did not announce a new rule of constitutional law); *United States v. Ove*, No. 13-CR-191 (ADM/FLN), 2017 WL 2599850, at *2 (D. Minn. June 15, 2017) (similar). Therefore, Gatlin's motion is not timely under § 2255(f)(3).

Gatlin's motion is also not timely under the other provisions. For example, Gatlin's conviction became final on October 9, 2015, when the time to file a notice of appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005) (stating that the defendant's conviction became final when the deadline to file a notice of appeal expired). Gatlin filed his motion in June 2017, over one year past the date on which his conviction became final. (*See* Dkt. No. 72.) There is no indication that the government impeded Gatlin from filing a § 2255 motion. And Gatlin's motion does not rely on any newly discovered facts. Thus, the § 2255 motion is untimely on all fronts.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Where a district court has rejected a § 2255 motion on procedural grounds, a certificate of appealability should issue only if jurists of reason could conclude that denial of the motion is debatable or incorrect. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find denial of Gatlin's motion as untimely debatable or incorrect. Thus, the Court declines to issue a certificate of appealability. And because the record conclusively shows that Gatlin is not entitled to relief, the Court finds that an evidentiary hearing is unnecessary. *See* § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013).

Therefore, IT IS ORDERED THAT:

1. Defendant Melvin Lee Gatlin's Motion Under 28 U.S.C. § 2255 [Dkt. No. 72] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: August 2, 2017

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge